UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARED PEARSON,

                Petitioner,                          Case Number 12-14816

v.                                                   Honorable David M. Lawson

KENNETH ROMANOWSKI,

                Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING AND MOTION FOR DISCOVERY

This matter is before the Court on the petitioner's motion for evidentiary hearing and motion for discovery. The petitioner titled his first motion as a "motion to expand the record," but in the motion he asks the Court to hold an evidentiary hearing to develop certain facts and does not seek to add any existing material to the record before the Court. The Court therefore will construe the motion as a motion for an evidentiary hearing. In his second motion, the petitioner asks the Court to allow him to serve requests for admission and document production on his trial counsel.

Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

The Court is not persuaded that an evidentiary hearing is necessary to adjudicate the claims in the petition at this time. *See* 28 U.S.C. § 2254(e)(2).

"Habeas petitioners have no right to automatic discovery." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (internal quotation marks omitted). Rather, Rule 6 of the Rules Governing

Section 2254 Cases in the United States District Courts permits a court to authorize discovery only upon a showing of good cause. *Id.* "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.' " *Id.* (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)).  The petitioner has not shown good cause to depart from the usual procedure disallowing discovery in habeas cases and has not shown a need in ordering discovery beyond the Rule 5 materials.

Accordingly, it is **ORDERED** that the petitioner's motion for evidentiary hearing [dkt. #2] is **DENIED** without prejudice.

It is further **ORDERED** that the petitioner's motion for discovery [dkt. # 3] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 1, 2012

<div style="border:1px solid black;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

</div>

-2-